Good morning, and may it please the Court, I am Assistant Federal Defender for the District of Hawaii, Craig Jerome, appearing on behalf of the defendant appellate, Tina-Marie Finazzo. The issue in this case is whether Ms. Finazzo is eligible under Section 1B.1.10.B.2.B. for a sentencing reduction comparable to the below guideline sentence the District Court originally imposed at the government's request to reward her for her cooperation and assistance to perform a reduction for which she is eligible to set by Subdivision 2A at the low end of her amended guideline range. Generally under Section 3582.C.2, a sentencing reduction ordinarily can go no lower than the range, the low end of the defendant's amended guideline range. Subsection B.2.B., however, sets out an exception to that general rule, where the defendant originally received a below guideline sentence at the government's request to reward her for her substantial assistance. We present two arguments for why the extent of Ms. Finazzo's reduction was set by Subsection B.2.B. and not Subsection B.2.A. The first is generally a factual argument. The sentencing record in this case establishes that the government moved for a below guideline sentence to reward Ms. Finazzo's substantial assistance to authorities. Our second argument is more of a legal argument, and that is Subsection B.2.B. should be construed, especially post-Booker, to include extensive cooperation in Section 3553A, variances granted at the government's request. I think that our brief does a fairly good job of laying out both arguments, so I'm happy to address any questions that the Court has. Otherwise, I would like to begin with the first argument. Subsection B.2.B.'s comparable reduction is triggered when, at the defendant's original sentencing hearing, three things happened. One, the defendant received a below guideline sentence. Two, the government requested that below guideline sentence. And three, the government did so in order to reward the defendant's substantial cooperation. We believe all three things took place in this case, based on the record. The term of imprisonment that the District Court imposed in this case was below the defendant's guidelines. The government requested that guideline. The government went first at sentencing and actually requested that sentence in accordance with the PSR. And three, it's pretty clear, we believe, from the record that the government did so in order to reward the defendant's cooperation. And we would say the defendant's substantial assistance. Is this case key on whether or not the government made a motion? I think it's hard to say that the government didn't make a motion in this case. I mean, there has to be a government motion, but... But the government didn't make the motion, so why do we have a problem? The guideline doesn't fit. Well, the government didn't make a written motion, certainly. And we can see that the government didn't file a written 5K motion like they did in the co-defendant's case. But the District Court in this case concluded and we... The government didn't make an oral motion either. Well, we believe that the government's conduct in this case did constitute an oral motion. Wait a minute, the oral motion, if I understand your brief, was that the pre-sentence report made a recommendation. The pre-sentence report made a recommendation, but then the government requested that the court sentence the defendant in accordance with the pre-sentence. But made no motion. How do you get that action equal motion? Motion means motion. Somebody brings a motion, but there was no motion there. How can we... I know... I just didn't get your argument that what happened there was a motion by the government because the government didn't do anything. Well, the motion made... The government made a request, certainly, for a below-guideline sentence. Well, the pre-sentence report comes in, and the government did not make a motion. Then the government didn't do anything. How is there not doing anything equal a motion? Well, at the sentencing hearing, the government argued for that, a below-guideline sentence. Sure. Which we assert is the same thing. They argued that the pre-sentence report was correct. But how is that a motion as described specifically in the guideline? Well, the guideline doesn't say a written motion or... The guideline doesn't even say a motion pursuant to 5K1.1 or 3553E or Rule 35. We all know the government has to bring a motion before you get down below. Well, the government doesn't have to bring a... The government no longer, post-Booker, has to bring a 5K1.1 motion before you can get below the guideline. After Booker... The government could come in and say, we're making a motion under 3553A, asking you to sentence the defendant to a below-guideline sentence based on her substantial assistance to authorities. There's no longer any requirement that the 5K1.1 procedure be followed to support a government motion, even a government motion for substantial assistance to authorities. So, the government does nothing here other than approve the pre-sentence report. Now, what case do you rely upon that that inaction equals the triggering mechanism, whatever it is? Well, there's not a case that specifically says that, but I do note that in Ellis, which is cited in our brief, 641F3rd at 419, the Ninth Circuit said, for a prosecutor to tell a judge at sentencing that he concurs with the PSR is an argument for a sentence in accordance with the PSR. So if we're... I don't think we can draw a distinction between a motion and an argument in the sentencing context. The court... The government has moved the court to impose a below-guideline sentence in this case. The court... The government here did not object and said they agreed with the pre-sentence report. So, how does that be a motion? Where do you get the motion that there was substantial assistance given and therefore they get the lower sentence? Well, I believe what happened in this case is the government did more than just not object to the PSR. The government could have gotten up and said, you know, we've read the PSR. We agree with the 172-month sentence. We're not going to object to that. But the government goes first in the sentencing here, and they affirmatively argue for the correctness of that 172-month sentence. It's the government that initially brings up the defendant's cooperation in this case. That's basically the first thing out of the government's mouth of substance in this case is, look, Judge, I think you should know the defendant came in. She cooperated. She came in early. What piece do you have that we or some other court of appeals, or the Supreme Court, we have said that this scenario that you just gave us is sufficient to trigger the benefits you want for your client? I don't think there is a case. I think this is an issue of first impression. The meaning... It's happened before. You know it's happened before. You mean your motion is the first time anybody's stretched it as far as you have. No, I think that this is a very unique set of circumstances when, first of all, the government, you know, the government moved or asked the court to reward her cooperation. The court did so, and the court did so just to the extent that the government requested. I think that's important, too. The government asked for a 172-month sentence, and that's what the court in this case gave the defendant with a 172-month sentence. And the record in this case establishes that everyone agreed, A, that the variance, at least in part, was based on her cooperation, and B, everyone agreed as to the quality and extent and worthwhileness and meritoriousness of her cooperation. And then after that, we're at a point where now there's a sentencing guidelines amendment and a motion for reduction. So I think this may not have happened exactly in this sort of circumstances before. Can I ask a factual question, because I don't know if I'm getting this case confused with another one. Is this the case where the government said to the judge, we're not in a position yet to bring a 5K 1.1? Yes. That was one of the... That's what I thought. So why doesn't that just absolutely doom your argument that the government, in fact, made such a motion when it explicitly said it was not making such a motion? Well, I think that the government can say that, but what the government... The government's actions in this case, I think, belie the truth of that. Well... Do you think the government was lying? No, I don't think the government was lying. I think... The government could have come in and said, look, we're not making a 5K 1.1 motion because this hasn't led to anything yet, and sat down and had that been that. But the government then goes on to say, we think she should get a below-guideline sentence, and part of the reason for that... We think the majority of the reason for that, that the government asserts, is her cooperation. Yeah. The government asked for a two-level reduction. Hang on, counsel. The term substantial assistance is a term of art, you would agree, under the guidelines, right? It's not... It has a very precise meaning, and the government can certainly stand up and say, your honor, this defendant's cooperation hasn't yet risen to the level of substantial assistance, but we will give her credit. I mean, she's done everything she could, it just, you know, maybe it turns out that this doesn't... It's not of any value to us. She should get something for it, but it's not at the point where we're comfortable actually bringing a formal 5K 1.1 motion. That's, I guess, that's what I read the record to say, and there's nothing... Can't say the government... I mean, we're not in a position to question whether the government's correct in that assessment. Well, one of the things that's also unique about this case is we have the co-defendants, the record in the co-defendant's case, which establishes that that co-defendant did less in terms of cooperation. Her cooperation was certainly no more productive than Ms. Finazzo's cooperation, and she did receive the 5K motion. You say that, and maybe the government will disagree with that, but we're not... As I understand the limitation on us as a court, we don't get to pry behind the curtain, so to speak, to figure out whether the government correctly assessed, you know, whether the defendant's cooperation rose to the level of substantial assistance or not. That's a matter entrusted entirely to them as long as they don't use some unconstitutional basis for refusing to bring the motion, and you don't have any evidence that they did that here. Or if it's arbitrary. I mean, that's the other... If their refusal to file the 5K motion is arbitrary. And the thing is, I think one of the things that's important in this case is at the time of sentencing, which was two years prior to the hearing in this case, or almost two years prior to the hearing in this case, there was no reason really for the defense to argue about the government's failure to file a 5K motion because they were getting basically the equivalent thing, which was a motion for a below-guideline sentence. And I think that even if... That's where we get to our second argument, where it would be a violation of equal protection to say, well, this guideline 1B.1.10.B.2.B. only applies to 5K motions. It doesn't apply to motions for substantial assistance that are brought under 3553A. Which is, even if the government's saying we're not doing a 5K motion in this case, I think there's a reasonable conclusion that they did do a motion under 3553A based on extensive cooperation, which... Is there a rational basis to say that that's... Is that related to a rational... Related to a government interest to say, we're going to apply it in this sort of case, but not that sort of case? Let's stop you there. We'll give you a little bit of time for rebuttal. Why don't we hear from the government? Thank you. Hey, please, the court. Good morning. Tom Millick for the United States. Your Honor, the United States' position is that the district court did not abuse its discretion when it ruled that the defendant's sentence reduction was limited under the United because the government did not move on behalf of the defendant for a departure based on a substantial assistance. The United... I believe the record will show that the United States told the court and the defense at the sentencing that 5K was not being filed. We were not at a 5K. The defendant at the sentencing did not challenge that. They did not say that the government's or the defendant's information amounted to substantial assistance. The defendant did not argue that the government's decision not to file a 5K was improper. Yeah, but there was no... I mean, counsel's right. There was no reason for the lawyer to make that argument then, so I don't think you can hang your hat on that. Why don't you respond to their contention that, I guess, that you as the government here were arbitrary in bringing the motion for the co-defendant, but not for her, given that the co-defendant actually produced, I don't know, I guess, you know, less substantial assistance than... When we decided the 5K in this case, Your Honor, we looked not only at the information that the defendant, Fenaso, had given us and at the fact that we had up front rewarded her initially because in the practice that was followed in the office, our office at that time, this was a couple of years ago now, we filed enhancements if there was a prior felony drug conviction. This defendant had one. We did not file that enhancement under Title 21, United States Code, Section 853 because she provided information right off the front and we gave her, we agreed, forego the opportunity to file the enhancements, which would have made her a mandatory 240, 240 months guideline range to 262 because we didn't file that and we gave her, acknowledged her information. We have provided and acknowledged her information and cooperation right off the front. With the co-defendant, we also looked at the 3553A factors in this when we decided whether a 5K was warranted in addition to the cooperation and the extent of the cooperation and the timeliness. The co-defendant was the first defendant to speak with us. She spoke to us two weeks before this defendant was interviewed. That defendant, Southern, talked about the wiretap, identified voices on the wiretap, did not have a prior drug conviction, was not the ringleader or the leader of this, did not have the amount of drugs attributed to her, had a four-level lower guideline, excuse me, target offense number. She was a 31 whereas Fonaso was a 35 and had not been given anything for her coming in and speaking to us when she was first approached by the FBI. We believe that was appropriate to give her some benefit. That required a 5K in our part and we did file a 5K. The 3553A factors were much different for that defendant, Southern, than they were for Fonaso. Why do you say that? Why were the 3553A factors different? Well, she also did not have the criminal history. The criminal history in Fonaso was a 3, Southern was a 2, Southern did not have the prior drug conviction, Fonaso did, Fonaso was a, as I say, a leader and had more methamphetamine attributed to her in the pre-sentence report, which was... I got you. I thought you were making a... No, no, I'm sorry. I hope that answered the court's question in that regard. Unless the court has particular questions for me, we believe that it was clear we were not filing the substantial assistance motion. It was never challenged. It was never challenged on a direct appeal to the court. It was, in fact, the defense attorney in that case, at sentencing, commended the United States' word and treating the defendant the way she was treated. Right. I mean, you can't make a credible waiver argument here, though, in the sense that this wasn't challenged on direct appeal. We didn't make that in our brief either, Judge. Okay. Well, I'm just... I mean, it's neither here nor there that it wasn't challenged, because I don't think at that point the defense lawyer had any way of knowing that the failure to bring the motion was going to have this consequence years down the road. But I hear what you're saying. I mean, you didn't make the motion. That's... Their main pitch is that... And the substantial assistance of the United States are certain words of art that require the United States to move. We did not move. We explained that we were not moving. And frankly, it never came after that. What bothers me about this case is the argument of counsel saying, okay, you have to bring a motion, but certain actions will take the place of... You know, the sentencing guidelines are bad as they are. And we thought when they first came off that we would decide a couple of cases on appeal and then we'd never see them again, but they keep coming up to us like a popcorn machine. And so we have enough problems where it is, and I'm somewhat concerned that now, even though you don't make the motion, every defendant's going to say, yeah, but you didn't need to because of X, Y, and Z. So I want to get your view, representing the government, of whether filing this motion is a mandatory kickoff or whether some act like happened in this case where the government agreed with a pre-sentence report would be sufficient to be like a motion enough to bring the whole case before us. Government's position is there must be a motion that's made. The district court found, of course, that it could be an oral motion. Have we held that? I don't think so, Your Honor. I'm not aware of that. Has anybody else? I don't know, Your Honor. I know we've made oral motions in the district court level. Our office has. So if we decide this issue of whether there can be a substitute for the motion by some other act, that would be a first impression case? I've not been able to find anything in that area, Your Honor. I believe that's correct. Okay. Thank you. Unless the court has questions? What is the test that we review on this? Is it abuse of discretion? Is it de novo? Abuse of discretion, Your Honor. Abuse of discretion? Yes. Okay. Thank you for your argument. Thank you, Your Honor. Let's give some time, a minute or so, for Defense Counsel. Thank you. You know, I do just want to state for the record that I don't think the government did anything wrong at sentencing in this case. I mean, I think they did what they thought was right, and, you know, they didn't have to make a motion, what we consider to be a motion for a below-guideline sentence at all. And certainly, we think that post-Booker, the distinction between a 5K1.1 motion for substantial assistance and a 3553A motion for substantial assistance, if they're made by the government, is minimal. This is one of the few instances where, if this court holds that there's a difference, that difference will have any sort of binding effect. You agree with counsel that there's no case specifically holding one way or the other on this issue in the Ninth Circuit? Not that we've been able to find. Or any other circuit? Not in any circuit that we have. This is a trailblazer, then. Hopefully, yes. So I think the closest case, like I cited Ellis, and Ellis talks about another case whose name escapes me at this moment, but Ellis was about a breach of, was a case about breaching a plea agreement, where the other case that's cited is a case where the government came in, had agreed to not argue for a particular sentence at sentencing, and came in and basically said we agree with the recommendation of the PSR, and this court held that that's an argument for sentencing. And we don't, I don't really see the difference between an argument and a motion. There's certainly no requirement in the guidelines, the text of the guidelines, that says written motion. There's nothing in the application note. Well, you know. No, that's not. I mean, what about note three? Well, application note three doesn't say it has to be a written motion. Application note three says the provisions that, it says a motion, but it doesn't say it can't be an oral motion. No, no, no. That's fine. That's fine. I have no further. And I, and I do want to note application note three says the provisions that authorize this are 3553E, 5K1.1, and rule 35, but I don't think that's correct as a matter of law, because I think it's also authorized under 3553A. Okay. Thank you, counsel. Thank you. Appreciate your arguments in this case. The case just argued will stand submitted, and we will.
judges: Wallace, Farris, Watford